**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| BRADLEY D. HANEY, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. ______________ |
| | : | |
| v. | : | |
| | : | |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | : | COMPLAINT |
| | : | |
| | : | |
| Defendant. | : | |

Plaintiff, Bradley D. Haney, for his Complaint against defendant Unum Life Insurance Company of America ("Defendant" and "Unum") states as follows:

**Parties, Jurisdiction, and Venue**

1. Plaintiff Bradley D. Haney resides in Roscoe, Winnebago County, Illinois.

2. Defendant Unum Life Insurance Company of America is an insurance company with its principal place of business at 2211 Congress Street, Portland, Maine.

3. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.

4. This Court has jurisdiction under 29 U.S.C. § 1132(e)(1) and (f) and 28 U.S.C. § 1331.

5. Venue is proper in this District under 29 U.S.C. § 1132(e)(2) because Unum resides and may be found in this District and decided Plaintiff's administrative appeal through its Appeals Unit in Portland, Maine.

**The Plan and the Policy**

6. Plaintiff was employed by Costco Wholesale Corporation ("Costco") as a stocker.

7. Costco sponsors an employee welfare benefit plan that provides long term disability ("LTD") benefits to its eligible employees (the "Plan").

8. The Plan is governed by ERISA.

9. Unum issued group long term disability policy number 553880 to Costco to provide the LTD benefits offered under the Plan (the "Policy").

10. Plaintiff was a participant in the Plan and insured under the Policy.

11. Unum decides claims for benefits under the Policy and pays benefits under the Policy from its own funds.

12. Under the Policy, a claimant is disabled during the first 9 months of payments when Unum determines that he is limited from performing the material and substantial duties of his own job due to sickness or injury and has a 20% or more loss in indexed monthly earnings due to the same sickness or injury.

13. After 9 months of payments, a claimant is disabled under the Policy when, due to the same sickness or injury, he is unable to perform the duties of any gainful occupation for which he is reasonably fitted by education, training, or experience.

14. The Policy defines "gainful occupation" as an occupation that is or can be expected to provide an income within 12 months of return to work that exceeds 80% of indexed monthly earnings if the claimant is working, or 60% of indexed monthly earnings if the claimant is not working.

15. Unum determined that Plaintiff's indexed monthly earnings were $3,049.96 effective May 7, 2025.

**Claim Facts**

16. Plaintiff stopped working on October 31, 2023, because of left shoulder impingement syndrome, biceps tendinitis, and a partial tear of the left rotator cuff.

17. On April 10, 2024, Plaintiff underwent arthroscopic left shoulder subacromial decompression, distal clavicle excision, biceps tenodesis, and augmentation of the partial-thickness rotator cuff tear.

18. On July 25, 2024, Plaintiff underwent a second left shoulder surgery, consisting of a diagnostic arthroscopy with capsular release and an open subpectoral biceps tendon revision.

19. On January 9, 2025, Plaintiff underwent a posterior instrumented fusion at C5-6.

20. Unum approved Plaintiff's claim and paid him LTD benefits.

21. Unum continued to pay Plaintiff LTD benefits after the first 9 months of payments, under the Policy's any gainful occupation definition of disability.

22. On February 11, 2025, Plaintiff's orthopedic surgeon, Scott W. Trenhaile, M.D., restricted Plaintiff to lifting no more than 15 pounds and no work above shoulder height with the left upper extremity.

23. A July 25, 2025 MRI of Plaintiff's left shoulder showed a high-grade partial thickness tear of the anterior supraspinatus tendon with moderate tendinosis and chronic glenoid labrum degeneration.

24. Plaintiff's treating orthopedic surgeon, Nikhil Verma, M.D., scheduled Plaintiff for left shoulder arthroscopy, rotator cuff repair, subacromial decompression, and bone marrow aspirate concentrate augmentation on September 26, 2025.

25. The September 26, 2025 surgery was postponed because Plaintiff was ill, and was rescheduled for January 29, 2026, and then for February 12, 2026.

26. On November 12, 2025, Dr. Verma examined Plaintiff and recorded reduced left shoulder forward flexion and external rotation compared with his July and August 2025 examinations, and 4/5 strength on empty can testing.

27. On November 12, 2025, Lauren Rooney, PA-C, of Dr. Verma's practice issued a work status letter taking Plaintiff out of work.

28. By letter dated November 18, 2025, Unum terminated Plaintiff's LTD benefits effective after that date, stating that he could perform the sedentary occupations of routing clerk, clerical assistant, and dispatcher security.

29. Unum's November 18, 2025 termination letter relied on an October 22, 2025 work status form from Dr. Verma's practice releasing Plaintiff to regular work with no restrictions.

30. On November 18, 2025, Plaintiff notified Unum that Dr. Verma's office was preparing an updated work note.

31. On December 26, 2025, Plaintiff's physical medicine and rehabilitation physician, James Leonard, D.O., directed Plaintiff to remain off work through April 1, 2026.

32. On January 8, 2026, Dr. Verma's office advised Unum that Dr. Verma's opinion was that Plaintiff could perform no work, including sedentary work, from November 12, 2025 until his shoulder surgery.

33. On January 13, 2026, Plaintiff underwent left third occipital nerve, C3, and C4 medial branch blocks for cervical facet arthropathy.

34. On or about February 4, 2026, Dr. Verma's office submitted a revised response to Unum stating "no opinion regarding LTD."

35. On February 5, 2026, Dr. Leonard advised Unum that, because of ongoing shoulder pain and lack of response to conservative and nonsurgical treatment, Plaintiff should not perform any type of job duties and should remain off work until approximately April 1, 2026.

36. Unum maintained its termination following a February 10, 2026 review by Christine Jones, M.D., a family medicine physician employed by Unum, and a February 13, 2026 review by Kelly Dixon-Martin, M.D., a physical medicine and rehabilitation physician employed by Unum.

37. On March 9, 2026, Plaintiff's spine surgeon, James T. Bernatz, M.D., recorded persistent right-sided headaches and neck pain worsened by activity, intermittent left-sided thoracic pain, and a persistent tremor of three fingers most noticeable with computer use, and ordered a thoracic spine MRI.

38. On July 7, 2026, Plaintiff appealed Unum's termination of his LTD benefits and submitted additional medical records.

39. Unum referred Plaintiff's file to Chintan S. Sampat, M.D., an orthopedic surgeon retained through The IMA Group, for a review of the records.

40. Dr. Sampat did not examine Plaintiff.

41. In an August 20, 2026 report, Dr. Sampat concluded that restrictions and limitations precluding sedentary work were not supported.

42. By letter dated October 5, 2026, Unum upheld its termination of Plaintiff's LTD benefits.

43. Plaintiff has exhausted the administrative remedies available to him under the Plan.

44. Since November 19, 2025, Plaintiff has been unable to perform the duties of any gainful occupation for which he is reasonably fitted by education, training, or experience, due to the same sickness or injury for which Unum paid him LTD benefits.

**Standard of Review**

45. Upon information and belief, the Policy does not grant Unum discretionary authority to determine eligibility for benefits or to construe the terms of the Policy, and Unum's decision is subject to de novo review.

46. In the alternative, if the Policy grants Unum discretionary authority, Unum's decision was arbitrary and capricious, and Unum decided Plaintiff's claim under a structural conflict of interest because it both determines eligibility for benefits and pays benefits from its own funds.

47. Unum terminated Plaintiff's benefits in reliance on a work status form that the treating surgeon's office disavowed.

48. Unum terminated Plaintiff's benefits while left shoulder surgery to repair the supraspinatus tear was scheduled.

**Count I**

**Claim for Benefits Under 29 U.S.C. § 1132(a)(1)(B)**

49. Plaintiff incorporates the preceding paragraphs.

50. Plaintiff has been disabled under the terms of the Policy since November 19, 2025.

51. Unum wrongfully terminated Plaintiff's LTD benefits.

52. Plaintiff is entitled to recover LTD benefits due to him under the Policy, to enforce his rights under the Policy, and to clarify his rights to future benefits under the Policy pursuant to 29 U.S.C. § 1132(a)(1)(B).

53. Plaintiff is entitled to an award of reasonable attorney's fees and costs under 29 U.S.C. § 1132(g)(1).

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Unum and award:

a. Judgment that Plaintiff is entitled to LTD benefits under the Policy from November 19, 2025 through the date of judgment;

b. Prejudgment interest on all past-due benefits;

c. A declaration that Plaintiff is entitled to continued LTD benefits under the Policy for as long as he remains disabled under its terms, and an order reinstating those benefits;

d. Reasonable attorney's fees and costs under 29 U.S.C. § 1132(g)(1); and

e. Such other relief as the Court deems just.

Dated: October 9, 2026

/s/ Andrew S. Davis
Andrew S. Davis
DAVIS LAW LLC
PO Box 187
Belford, New Jersey 07718
andrew@erisabenefitlawyer.com